## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ERIC KAEGI ) | |
| 12105 Valley Lane, Drive, # 102 ) | |
| Garfield Heights, OH 44125 ) | |
| ) | Case No |
| Plaintiff, ) | |
| ) | JURY DEMAND ENDORSED HEREON |
| v. ) | |
| ) | VERIFIED CIVIL COMPLAINT |
| MERCANTILE ADJUSTMENT ) | (Unlawful Debt Collection Practices) |
| BUREAU, LLC ) | |
| 6930 Main Street ) | |
| Williamsville, NY 14221 ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT

ERIC KAEGI (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against MERCANTILE ADJUSTMENT BUREAU, LLC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

PLAINTIFF'S VERIFIED COMPLAINT

1

## PARTIES

5. Plaintiff is a natural person who resides in Garfield Heights, Cuyahoga County, Ohio and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6. Pursuant to the definitions outlined in *15 U.S.C. 1692a(1-6)*, Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7. Defendant is a debt collector with an office in Williamsville, New York.

8. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

9. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously placed collection calls to Plaintiff at least twice a day from 5:30 a.m. up until 12:00 a.m. seeking and demanding payment for an alleged debt.

11. Defendant calls Plaintiff on his cellular telephone at, 216-926-8435.

12. Defendant calls Plaintiff from telephone number, 866-716-1545.

13. Defendant called Plaintiff on Wednesday, May 5, 2010 at 5:30 a.m.

14. Defendant called Plaintiff on Sunday, May 9, 2010 at 12:00 a.m.

15. Defendant called Plaintiff on May 9, 2010 at 11:51 p.m.

16. Defendant called Plaintiff on May 10, 2010 at 2 a.m.

17. Defendant sometimes identifies itself as Urban Title Adjustment Center to Plaintiff.

18. Defendant places telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

19. Defendant failed to identify itself as a debt collector in subsequent communications.

20. Defendant did not send a debt validation letter to Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* by contacting Plaintiff before 8:00 a.m. and after 9:00 p.m.

    b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and sometimes calls itself Urban Title Adjustment Center.

    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.

    f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector.

    g. Defendant violated *§1692e(14)* of the FDCPA by using a business name other than the true name of the debt collector's business because defendant calls Plaintiff and states that the call is from Urban Title Adjustment Center, not Mercantile Adjustment Bureau, which is the true name of the company.

    h. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, ERIC KAEGI respectfully requests judgment be entered against Defendant, MERCANTILE ADJUSTMENT BUREAU for the following:

22. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, ERIC KAEGI, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,


By:__/s/Peter Cozmyk_____
Peter Cozmyk,
Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: 323-988-2400 ext 213
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, ERIC KAEGI, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ERIC KAEGI, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_June 11, 2010_
Date

_Eric Kaegi_
ERIC KAEGI